Benjamin H. SMITH, Mack Allison, Savannah Cunningham, Sylvester Barnett, and Edward Hutcherson, Individually and on behalf of all others similarly situated, Appellants,

v.

INTERNATIONAL LONGSHOREMEN'S ASSOCIATION, AFL–CIO, LOCAL NO. 333, Amstar Corporation, Atlantic and Gulf Stevedores, Inc., Baltimore Stevedoring Company, Chesapeake Operating Company, Cottman Company, Cramco, I. T. O. Corporation of Baltimore, John T. Clark and Son of Maryland, Inc., Maher Terminals, Inc., Nacirema Operating Company, Inc., Robert C. Herd and Company, Inc., Terminal Shipping and Company, United States Lines, Inc., and Steamship Trade Association of Baltimore, Incorporated, Appellees.

Benjamin H. SMITH, Mack Allison, Savannah Cunningham, Sylvester Barnett, and Edward Hutcherson, Individually and on behalf of all others similarly situated, Appellees,

v.

UNITED STATES LINES, INC., Appellant,

and

International Longshoremen's Association, AFL–CIO, Local No. 333, Amstar Corporation, Atlantic and Gulf Stevedores, Inc., Baltimore Stevedoring Company, Chesapeake Operating Company, Cottman Company, Cramco, I. T. O. Corporation of Baltimore, John T. Clark and Son of Maryland, Inc., Maher Terminals, Inc., Nacirema Operating Company, Inc., Robert C. Herd and Company, Inc., Terminal Shipping and Company Steamship Trade Association of Baltimore, Incorporated, Defendants.

Nos. 78–1003, 78–1004.

United States Court of Appeals, Fourth Circuit.

Argued Dec. 4, 1978.

Decided Feb. 13, 1979.

Kenneth Johnson, Baltimore, Md. (Evelyn O. A. Darden, Anthony W. Robinson, Baltimore, Md., on brief), for appellants.

Paul B. Lang, Baltimore, Md. (A. Adgate Duer, Barrett W. Freedlander, Baltimore, Md., on brief), Stanley Mazaroff, Baltimore, Md. (Jeffrey P. Ayres, Washington, D. C., Venable, Baetjer & Howard, Baltimore, Md., on brief), Robert J. Hickey, Washington, D. C. (Russell T. Weil, Claudia M. James, Kirlin, Campbell & Keating, Washington, D. C., Bernard J. Sevel and Howard K. Kurman, David R. Owen, Anthony W. Kraus, Semmes, Bowen & Semmes, Baltimore, Md., William H. Fort, Washington, D. C., A. Owen Hennegan, Towson, Md., T. S. L. Perlman, Washington, D. C., George L. Russell, Jr. and Lawrence S. Wescott, Baltimore, Md., on brief), for appellees.

Before WINTER, RUSSELL and WIDNER, Circuit Judges.

PER CURIAM:

This is a discrimination action begun against eighteen defendants, including fourteen members of the local Steamship Trade Association, the Trade Association itself, Trustees of a welfare Trust Fund, and a labor union with which the plaintiffs were affiliated as members and which represented, as bargaining agent, the employees of the defendants-members of the Trade Association. The defendants moved to dismiss both on the grounds that the complaint failed to comply with the basic requirements of Rule 8(a), F.R.Civ.P., and, in some cases, on the ground that the plaintiffs had never applied for employment to or been employed by such defendants and that the records of such defendants established beyond dispute that they had not engaged in discrimination. The plaintiffs conceded that the complaint was defective and did not meet the requirements of Rule 8(a). On motion of the plaintiffs, the district court granted leave to file an amended complaint.

The amended complaint was filed, this time naming seventeen of the eighteen original defendants. Again, the defendants filed motions to dismiss. The district court found that the amended complaint failed to state with the definiteness required by Rule 8(a) and (e) of the F.R.Civ.P. the claims against either the labor union, the trade association, the trustees, or the individual defendants. Rather than dismiss with prejudice, however, the court granted leave to file a second amended complaint. In so doing, the court took considerable pains to instruct plaintiffs' counsel in the manner in which he should amend his complaint so as to comply with the rules. Despite these specific instructions thus carefully given by the district court, the second amended complaint filed by the plaintiffs was little more than a repetition of the earlier complaint which the district court had correctly found to be defective. At this juncture the defendants moved to dismiss and the district court, after hearing argument and being advised by plaintiffs' counsel that he could not add to the incomplete allegations of his complaint, took the matter *sub curia*. Upon issuing a written opinion, the district court dismissed this second amended complaint, but granted plaintiffs leave to file a third amended complaint in accordance with its previous instructions. Additionally, the court found that the defendants had incurred unnecessary costs in defending against the second amended complaint, and conditioned its leave to amend a third time upon payment of these costs.

Plaintiffs complied with only a small portion of the payment order, and filed a third amended complaint which again was little more than a repetition of the earlier original complaint, which the plaintiffs had conceded was defective and violative of the Rules. Upon motion of the defendants, the district court dismissed the action with prejudice. We find no error in such dismissal and affirm on the opinion of the district court.

The action of the district court in denying any allowance of attorney's fees upon the petition of the appellee United States Lines is also affirmed.

*AFFIRMED.*